IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WAYNE BOLIN,<br><br>      **Plaintiff,**<br><br>v.<br><br>STATE OF OKLAHOMA, and KEVIN STITT, in his official capacity as Governor of Oklahoma,<br><br>      **Defendants.** | Case No. 24-CV-190-JFH-GLJ |

## OPINION AND ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Gerald L. Jackson. Dkt. No. 49. The Magistrate Judge recommends that the Court grant the Motion to Dismiss [Dkt. No. 35] filed by Defendants State of Oklahoma and Governor Kevin Stitt in his official capacity. *Id.* The Magistrate Judge also recommends denying Plaintiff David Wayne Bolin's Request for Services of Protection. Dkt. No. 37. Plaintiff timely filed an Objection to the Report and Recommendation, and Defendants have responded. Dkt. Nos. 50-51. For the following reasons, the Court accepts and adopts the Report and Recommendation, GRANTS Defendants' Motion to Dismiss, and DENIES Plaintiff's Request for Services of Protection.

## BACKGROUND

Plaintiff, proceeding pro se, sued the State of Oklahoma and Governor Kevin Stitt in his official capacity for illegally possessing Cherokee Nation lands since statehood in violation of (1) 25 U.S.C. § 71 and (2) the Treaty of 1833 between the United States and the Western Cherokee. Dkt. No. 14 at 4. Accordingly, he requests "[r]estoration of rights to the Cherokee tribal lands," a granting of "the complete freedom and independent from state and federal law," recognition of the

Cherokee people's "equal power among the other nations of the world," and $50 billion in compensatory damages to be dispersed to enrolled members of the Cherokee Nation of Oklahoma, the United Keetoowah Band of Cherokee Indians in Oklahoma, and the Eastern Bank of Cherokee Indians. *Id.* at 5.[1]  He also filed a "Notice of Request for Services of Protection," where he requests sequestration and the appointment of a chaperone to ensure his safety and "the integrity of the judicial process." Dkt. No. 37.

Defendants moved to dismiss his Amended Complaint on various grounds, including failure to state a claim. Dkt. No. 35. The Magistrate Judge agreed with Defendants and subsequently recommended dismissal in his Report and Recommendation. Dkt. No. 49. The Magistrate Judge also recommended denying his Notice of Request for Services of Protection. *Id.* Although Plaintiff objects to the Magistrate Judge's Report and Recommendation, the Court finds no merit in those objections.

## STANDARD OF REVIEW

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also*, 28 U.S.C. § 636(b)(1). However, any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th

---

[1] This is the sixth lawsuit that Plaintiff has filed against the State of Oklahoma since 2022 for similar claims, all of which have been dismissed. *See Bolin v. Oklahoma*, No. 22-CIV-80-RAW (E.D. Okla.); No. 22-CIV-111-RAW (E.D. Okla.); No. 22-CIV-282-RAW (E.D. Okla.); No. 23-CV-76-RAW (E.D. Okla.); No. 23-CV-0296-TCK-SH (N.D. Okla.).

Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022). An objection to a recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)). "Mere regurgitation of original arguments does not trigger the Court's obligation to perform de novo review." *United States v. Kirby*, No. 23-CR-026-JFH, 2023 WL 3956685, at *2–3 (E.D. Okla. June 12, 2023).

**AUTHORITY AND ANALYSIS**

The Magistrate Judge ultimately recommend dismissal of this case because "Plaintiff fails to articulate a plausible claim upon which this lawsuit can proceed." Dkt. No. 49 at 6. In doing so, the Magistrate Judge emphasized that "[i]t is difficult to decipher any claims Plaintiff is attempting to assert and how to discern the relief requested, as the few sentences in the statement of facts contain conclusory allegations with no logical facts to explain the claims or his representation of the Cherokee Nation writ large." *Id.* at 5. As such, the Magistrate Judge reasoned, dismissal was warranted under 28 U.S.C. § 1915(e)(2).

Plaintiff's Objection repeats the same arguments he set forth in his Response to Defendant's Motion to Dismiss [Dkt. No. 36] and "Supplement to Plaintiff's Reply." Dkt. No. 48. "But an objection that merely reargues the underlying motion is little different than an objection that simply refers the District Court back to the original motion papers; both are insufficiently

3

specific to preserve the issue for de novo review." *Cisneros v. Gomez*, No. 21-CV-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (quotations and citations omitted).  Moreover, in repeating these same arguments, Plaintiff has not specifically identified any legal or factual errors in the Magistrate Judge's Report and Recommendation.  And regardless of whether the Court reviews the Report and Recommendation under a clear error or de novo review, the Court concurs with the Magistrate Judge's determination.  Even when the Court liberally construes his pro see pleading, it simply fails to state a claim for which any relief can be granted. [2]

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Objection [Dkt. No. 50] to the Magistrate Judge's Report and Recommendation [Dkt. No. 49] is OVERRULED.  The Court ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendants' Motion to Dismiss [Dkt. No. 35], and DENIES Plaintiff's Notice of Request for Services of Protection.  Dkt. No. 37.

Dated this 22nd day of January 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff objected to Judge Jackson's recommendation to dismiss his claims, but he did not object to Judge Jackson's recommendation to deny his request for services of protection.  He thus waived his objection regarding his request for services for de novo review.  *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The Court finds no clear error here either.